PALOMA P. PERACCHIO, CA Bar No. 259034
paloma.peracchio@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

MITCHELL A. WROSCH, CA Bar No. 262230
mitchell.wrosch@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendants
WALMART, INC. and WAL-MART ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GLORIA FLORES, Individually and for Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC. AND WAL-MART ASSOCIATES, INC.<br><br>Defendants. | Case No. 2:26-cv-1662<br><br>**DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Complaint Filed: January 9, 2026<br>Trial Date: None Set<br>District Judge: Hon. TBD<br>Magistrate Judge: Hon. TBD |

Case No.

DEFENDANTS WALMART, INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF GLORIA FLORES AND HER ATTORNEYS OF RECORD:**

Defendants Walmart Inc. and Wal-Mart Associates, Inc. ("Walmart") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles, where the above-entitled action was filed, to the United States District Court for the Central District of California under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"), because this case is a class action in which the proposed class exceeds 100 members, the Parties are diverse, and the amount in controversy exceeds $5 million. In support of this Removal, Walmart states as follows:

## BACKGROUND

1. On January 9, 2026, Plaintiff Gloria Flores ("Plaintiff") filed this lawsuit in the Superior Court for the State of California, County of Los Angeles, styled as *Gloria Flores v. Walmart, Inc.* and *Wal-Mart Associates, Inc.*, Case No. 26STCV01001. *See* Ex. A (Complaint). Walmart answered the Complaint on February 17, 2026. In accordance with 28 U.S.C. § 1446(a), Walmart has attached as Exhibits A, B, C, and D true and correct copies of the Complaint, Summons, Proof of Service of Summons, and Answer, respectively. *See* Ex. A (Complaint); Ex. B (Summons); Ex. C (Proof of Service); Ex. D (Answer).

2. The Complaint asserts one cause of action against Walmart for Violation of California's Unfair Competition Law, California Business and Professions Code sections 17200, et seq. (the "UCL"). The Complaint alleges that Walmart failed to provide Plaintiff and class members with overtime pay, meal periods, rest breaks, minimum wages, accurate wage statements, and all wages earned upon termination of employment for the period of January 9, 2022 to the present. (Ex. A, ¶¶ 5-10, 160.) In the Complaint Plaintiff, on behalf of herself and a putative class of similarly situated

/ / /

1

DEFENDANTS WALMART, INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

individuals, seeks (1) restitution, (2) declaratory relief, (3) injunctive relief; and (4) attorneys' fees.

3. Walmart denies the Complaint's allegations, which are factually and legally baseless. The sole issue presented here is whether removal is proper under CAFA where all of the CAFA requirements for removal and undisputedly satisfied.

## **REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)**

4. Federal courts have original jurisdiction over class actions in which (i) any member of a class of plaintiffs is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). As explained herein, all of the requisite elements within 28 U.S.C. § 1332(d) are undisputedly satisfied.

## **The Putative Class Is Sufficiently Numerous**

5. The Complaint plausibly establishes that sufficient numerosity exists. Plaintiff purports to bring this action on behalf of: "All current and former hourly Walmart employees in California who earned additional remuneration at any time during the past four years through final resolution of this Action (the 'UCL Class Members')." (Ex. A, ¶ 33.) Plaintiff brings overtime, meal period, rest break, wage statement, and final wage claims on behalf of the putative class. (*Id.*, ¶¶ 86-100.) Plaintiff alleges that Walmart employes over 100,000 associates in California, and that the UCL class is "numerous." (*Id.*, ¶¶ 49, 105.)

6. Walmart's employment records show that there are hundreds of thousands of current associates[1] who fall within the proposed class. Between January 9, 2022, and January 9, 2026, Walmart has employed at least 239,809 non-exempt associates in the State of California. (Crandall Dec., ¶ 3.)

/ / /

/ / /

---

[1] Walmart refers to its employees as "associates."

**The Parties Are Diverse**

7.     CAFA's minimal diversity standard is satisfied when "any member of class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A); *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices.") (citation omitted).

8.     Plaintiff is a citizen of California. (Ex. A, ¶¶ 17, 18, 54, 75.)  Walmart is incorporated in the State of Delaware and is headquartered in Arkansas. (*Id.*, ¶¶ 34, 36.) *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

9.     The parties are minimally diverse because members of the putative class are citizens of California, and Walmart is a citizen of Delaware. *See* 28 U.S.C. § 1332(d)(2)(A) (extending jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Moreover, the exceptions listed in 28 U.S.C. §§ 1332(d)(4)(A)–(B) do not apply because no defendant is a citizen of California.

**There Is At Least $5 Million In Controversy**

10.     Plaintiff's potential damages as requested in the Complaint exceed the jurisdictional amount. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The court must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

11.     A defendant need only establish that "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010))

DEFENDANTS WALMART, INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

Case No.

(emphasis added). "The amount in controversy is not a prospective assessment of [a] defendant's liability"; instead, "it is the amount at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citations and internal quotation marks omitted). "To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205; *see, e.g., Greene*, 965 F.3d at 772 ("[T]he amount in controversy is the 'amount at stake in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability.") (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.") (citation omitted). The Ninth Circuit has made clear that a court cannot "delve into the merits" or conduct "a fact-based analysis of the merits" in assessing the amount in controversy. *Greene*, 965 F.3d at 774.

12.    Although Walmart maintains that it has not injured Plaintiff or any putative class member, taking the Complaint at face value, the alleged CAFA amount in controversy here exceeds $5 million. Plaintiff's Complaint seeks, amongst other things, restitution, injunctive relief, and attorneys' fees, the value of which well exceed CAFA's $5 million threshold.

13.    Plaintiff's request for restitution alone would exceed the jurisdictional threshold. Through her UCL claim, Plaintiff seeks restitution in the form of wages for alleged unpaid overtime, meal period, rest break, wage statement, and final wage violations. (Ex. A, ¶¶ 108, 129.) The relevant statutory period for a UCL violation is four years. *See* Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal.4th 163, 178-79 (2000) (four-year statute of limitations for restitution of

DEFENDANTS WALMART, INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

wages under the UCL). Walmart can satisfy the amount in controversy using a 1% meal period violation rate.

14. The Complaint alleges the following regarding meal periods:

- "Further, like Flores, Walmart fails to provide the other UCL Class Members with *bona fide*, compliant meal and rest periods."

- "Instead, like Flores, Walmart requires the UCL Class Members to work continuously throughout their shifts, and they are ***never*** fully relieved of all their duties for 30-minute meal periods, even when they work more than 5 hours a day."

- "Instead, Walmart requires Flores and the other UCL Class Members to work continuously throughout their shifts."

- "Like Flores, Walmart expects and requires the other UCL Class Members to be available to work during their entire shifts, even during any attempted meal or rest periods."

- "Walmart requires Flores and the other UCL Class Members to take meal periods after 5 hours as a result of understaffing and at Walmart's express direction."

- "But, like Flores, Walmart also fails to pay the other UCL Class Members 1 hour of premium pay for each day it denies them a compliant meal period."

(Ex. A ¶¶ 91, 92, 94, 95, 97, 99.) (Emphasis added.) Thus, the Complaint alleges that Walmart "never" provided Plaintiff or the putative class members with compliant meal periods, meaning, the Complaint alleges a 100% violation rate.

15. There were 57,564,443 meal period eligible shifts during the class period. (Crandall Dec., ¶ 7.) The weighted average pay rate during the class period was approximately $19.37. (*Id.*, ¶ 4.) Thus, Plaintiff's meal period claim puts over $1 billion in controversy (57,564,443 meal period eligible shifts x $19.37 weighted average rate of pay = $1,115,023,260.91).

5

16. Even if the Complaint did not allege, as it does, that Plaintiff and putative class members "never" had compliant meal periods, the amount in controversy would exceed $11,250,233 when using only a 1% violation rate (57,564,443 meal eligible shifts x 1% = 575,644 shifts x $19.37 weighted average rate of pay). Thus, CAFA's $5,000,000 threshold is met using virtually any alleged violation rate.

17. CAFA's $5,000,000 threshold can also be met using a 1% rest break violation rate. The putative class worked 61,821,563 rest break eligible shifts. (Crandall Dec., ¶ 7.) While the Complaint alleges frequent, perhaps total rest break violations (*see* Ex. A, ¶¶ 93, 95), a 1% violation rate places more than $11,974,844 in controversy (61,821,563 rest eligible shifts x 1% = 618,216 shifts x $19.37 weighted average rate of pay).

18. Plaintiff also seeks restitution of overtime wages, minimum wages, wage statement penalties, and waiting time penalties. (Ex. A, ¶ 108.) Of course, Plaintiff cannot recover penalties under the UCL, but the Complaint alleges she can, and Walmart is entitled to include all of these claims in the amount in controversy in response to a motion to remand.

19. Plaintiff also seeks attorneys' fees. (*Id.*, ¶ 174.) "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794 (9th Cir. 2018). Walmart does not include attorneys' fees in its analysis here but can do so in response to a motion to remand.

20. Plaintiff also seeks declaratory and injunctive relief. (Ex. A, ¶ 171.) "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (*quoting Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)); The amount in controversy therefore includes "the cost [to Walmart] of complying with [Plaintiff's] requested injunctive relief." *Gen. Dentistry for Kids, LLC v. Kool Smiles, P.C.*, 379 F. App'x 634, 635 (9th

Case No.
DEFENDANTS WALMART, INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

Cir. 2010); *Fritsch*, 899 F.3d at 793 (noting that "the costs of complying with an injunction" are included in determining whether CAFA's amount in controversy requirement is met). Walmart does not include the costs of the requested injunctive relief here but could in response to a motion to remand.

21. Plaintiff's request for restitution, attorneys' fees, and injunctive relief readily places over $5,000,000 in controversy.

## TIMELINESS OF REMOVAL

22. Plaintiff served Walmart with the Summons and Complaint on January 16, 2026. (Ex. C, Proof of Service.)

23. Walmart answered the Complaint on February 17, 2016. (Ex. D, Answer).

24. This Notice of Removal, filed on February 17, 2026, is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *see also* Fed. R. Civ. Pro. 6(a)(1)(C).

## VENUE

25. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (providing that Los Angeles County is part of the Central District of California).

26. Accordingly, this case is properly removable pursuant to 28 U.S.C. § 1332(d).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

27. Consistent with 28 U.S.C. § 1446, Walmart submits this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

28. Under 28 U.S.C. § 1446(a), a removing party must provide this Court with a copy of all "process, pleadings and orders" served on it in the state court action.

7

As noted above, true and correct copies of these documents are listed below and attached hereto:

- Complaint (Ex. A.)

- Summons to Defendants (Ex B.)

- Proof of Service of Summons and Complaint on Defendants (Ex. C.)

- Answer (Ex. D.)

- All other process, pleadings, and orders filed in the State Action (Ex. E.)

29.    Pursuant to 28 U.S.C. § 1446(d), Walmart is filing a copy of the Notice of Removal with the Clerk of the Los Angeles County Superior Court and serving Plaintiff with the same.

30.    Walmart has complied with all applicable local rules for this Court regarding this Notice of Removal.

## **NON-WAIVER OF DEFENSES**

31.    By filing this Notice of Removal, Walmart does not waive any defenses. And Walmart does not admit any of the allegations in Plaintiff's Complaint. Walmart expressly reserves the right to contest those allegations at the appropriate time.

32.    Walmart also reserves the right to supplement this removal, if challenged.

## **CONCLUSION**

In sum, subject matter jurisdiction exists under CAFA, 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

DATED:  February 17, 2026          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Paloma P. Peracchio*
Paloma P. Peracchio
Mitchell A. Wrosch
Attorneys for Defendant
Wal-Mart Associates, Inc.

8

Case No.

DEFENDANTS WALMART, INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

95642872.v1-OGLETREE